IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| ROBERT L. KERSEY, JR., *et al.*, | * |
| Plaintiffs, | * |
| v. | CIVIL NO.: WDQ-08-1041 |
| TSUKASA HIRANO, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Robert L. Kersey, Jr. and his wife, Charlotte E. Kersey, sued Tsukasa Hirano, and The Hertz Corporation, Hertz Vehicles, LLC, and Hertz Claim Management Corporation ("HCMC") (collectively "Hertz Defendants") for negligence and loss of consortium.  Pending are the Hertz Defendants' motion to dismiss, and HCMC's motion for summary judgment.  For the following reasons, the Hertz Defendants' motion will be granted, and HCMC's motion will be denied as moot.

I. Background

On April 11, 2005, Robert Kersey, a State of Maryland employee, was performing highway maintenance in his truck; the work required closure of the left lane.[1]  Compl. ¶ 7.  Warning

---

[1] For the purpose of this motion, the Kerseys' well-pled allegations will be accepted as true. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

1

signs, including a flashing arrow sign signaling drivers to merge right, were posted behind Kersey's truck. *Id.* ¶ 9. Hirano, driving a vehicle he rented from the Hertz Defendants, failed to merge right and struck Kersey's truck. *Id.* ¶ 12. Kersey suffered severe injuries. *Id.* ¶¶ 16-17.

On April 4, 2008, the Kerseys filed this suit in the Circuit Court for Baltimore City. On April 24, 2008, the Hertz Defendants removed on the basis of diversity jurisdiction.[2] On February 10, 2009, the Hertz Defendants moved to dismiss. On April 2, 2009, HCMC moved for summary judgment.

II. Analysis

    A.    Standard of Review

Under Rule 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the

---

[2] The Kerseys are Maryland citizens. Compl. ¶¶ 1-2. Hirano is a citizen of Japan. *Id.* ¶ 3. The Hertz Defendants are incorporated in Delaware; The Hertz Corporation's principal place of business is in New York, Hertz Vehicles, LLC's principal place of business is in Delaware, and HCMC's principal place of business is in New Jersey. Not. of Removal ¶ 2. The Kerseys seek more than $2,500,000 in damages. Compl. ¶¶ 20, 23.

applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs.*, 7 F.3d at 1134, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).  Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any incorporated documents. *Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).  The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id*.

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although the notice-pleading requirements of Rule 8(a)(2) are "not onerous," the

plaintiff must allege facts that support each element of a claim. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).

    B.    Graves Amendment

The Hertz Defendants argue that they are immune from suit under the Graves Amendment, which, in the absence of negligence, precludes liability for car rental businesses.[3] The Kerseys counter that the (1) Amendment is unconstitutional, and (2) Court cannot determine applicability of the Amendment on a motion to dismiss.

    1.    Constitutionality

The Kerseys argue that the Graves Amendment is unconstitutional because it is not within Congress's Commerce Clause power. The vast majority of courts to consider it have held that the Amendment is constitutional.[4] This Court agrees

---

[3] 49 U.S.C. § 30106. Although the Graves Amendment was enacted on August 10, 2005--months after the accident--it applies to any claim "commenced on or after the date of enactment" even if the harm occurred pre-enactment. § 30106(c).

[4] *See, e.g.*, *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242 (11th Cir. 2008); *Green v. Toyota Motor CreditCorp*, 605 F. Supp. 2d 430, 435-36 (E.D.N.Y. 2009); *Stampolis v. Provident Auto Leasing Co.*, 586 F. Supp. 2d 88, 94 (E.D.N.Y. 2008); *Flagler v. Budget Rent A Car Sys., Inc.*, 538 F. Supp. 2d 557, 559 (E.D.N.Y. 2008); *Berkan v. Penske Truck Leasing Canada, Inc.*, 535 F. Supp. 2d 341, 345 (W.D.N.Y. 2008); *Jasman v. DTG Operations, Inc.*, 533 F. Supp. 2d 753, 757 (W.D. Mich. 2008); *Merchants Ins. Group v. Mitsubishi Motor Credit Assoc.*, 525 F. Supp. 2d 309, 313 n.4 (E.D.N.Y. 2007); *Dupuis v. Vanguard Car Rental USA, Inc.*, 510 F. Supp. 2d 980, 985 (M.D. Fla. 2007); *Seymour v. Penske Truck Leasing Co., L.P.*, No. 07-015, 2007 WL 2212609, at *2 (S.D. Ga.

"that the commercial leasing of cars is, in the aggregate, an economic activity with substantial effects on interstate commerce." *Garcia*, 540 F.3d at 1252.  Accordingly, its enactment was a permissible exercise of the Congressional authority to regulate commerce.

    2.   Applicability

A company engaged in the commercial leasing of cars is not liable for harm to "persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental" when (1) it "is engaged in the trade or business of renting . . . motor vehicles; and (2) there is no negligence or criminal wrongdoing on [its] part."  § 30106(a).

The Kerseys argue that they have not alleged that the Hertz Defendants are engaged in the business of renting vehicles, and the Court cannot make such an inference.[5]  They have, however,

---

July 30, 2007).
    *Contra Vanguard Car Rental USA, Inc. v. Huchon*, 532 F. Supp. 2d 1371 (S.D. Fla. 2007) (unconstitutional); *Vanguard Car Rental USA, Inc. v. Drouin*, 521 F. Supp. 2d 1343, 1351 (S.D. Fla. 2007) (same).

    [5] "[N]o cases have expressly addressed the meaning of the phrase 'in the business of renting or leasing.'"  *Luperon v. North Jersey Truck Ctr., Inc.*, No. 07-9630, 2009 WL 1726340, at *5 (S.D.N.Y. June 19, 2009).  The *Luperon* court also noted that the legislative history of the Graves Amendment sheds no light on the definition.  *Id.* at *5 n.4.  It held that the lease between the leasing company and the allegedly negligent driver supported a holding that the company was "in the trade or business of renting or leasing," and thus protected by the Graves Amendment. *Id.*  The court reasoned that the plaintiff had "split[] hairs in arguing that while [the leasing company] in fact leased the

alleged that Hirano was driving a vehicle "that he had rented or leased" from the Hertz Defendants, and referred to them as "owners and lessors."  Compl. ¶¶ 10-11.  They alleged that Hirano was acting "within the scope of the relevant rental/lease agreement."  *Id.* ¶ 13.  As the Kerseys have alleged that the Hertz Defendants rented or leased the vehicle to Hirano, they have effectively alleged that they were "engaged in the trade or business of renting or leasing."

The Kerseys also argue that discovery is necessary to determine if the Hertz Defendants were negligent.[6]  For example, if the Hertz Defendants negligently maintained the vehicle, they would not be protected by the Graves Amendment.  *E.g.*, *Colon v. Bernabe*, No. 07-3369, 2007 WL 2068093, at *4 (S.D.N.Y. July 19,

---

[vehicle] . . . , it is not 'in the business' of leasing," and granted the leasing company summary judgment.  *Id.*
   *Accord Johnson v. Agnant*, 480 F. Supp. 2d 1, 4 (D.D.C. 2006) ("engaged in the trade or business of renting" element satisfied--on a motion to dismiss--when plaintiff alleged that the rental car company rented the vehicle to the defendant, and included the rental agreement as an exhibit); *Novovic v. Greyhound Lines, Inc.*, No. 08-3190, 2008 WL 5000228, at *3 (E.D.N.Y. Nov. 19, 2008) (defendant "in the business of leasing busses" because it had leased 12 busses to another defendant).

[6] The Kerseys seek the vehicle's maintenance and repair records.  Pls. Opp. at 4.  They also rely on a Maryland statute requiring Hertz to (1) ensure that the renter has a driver's license, (2) inspect the driver's license, and (3) keep records of the renter and license information.  *See* MD. CODE ANN., TRANSP. § 18-103.  Violation of the statute may be evidence of negligence.  *Tri-State Truck & Equip. Co., Inc. v. Stauffer*, 24 Md. App. 221, 229, 330 A.2d 680, 684 (Ct. Spec. App. 1975).

6

2007) (unpublished).[7]

However, the Kerseys did not allege any negligence of the Hertz Defendants.  They merely alleged that as owners of the vehicle, the Hertz Defendants "are liable and responsible for the acts and omissions of the drivers of the vehicles to whom they leased or rented under Maryland law and the doctrines of actual and apparent agency."  Compl. ¶ 11.  They alleged that Hirano was acting "within the scope of the relevant rental/lease agreement." *Id.* ¶ 13.  They alleged that Hirano had a "duty to ensure that the [vehicle] was operated carefully . . . including looking out for other vehicles on the highway, keeping the [vehicle] under proper control, driving the [vehicle] at a speed that was commensurate with the travel conditions, and otherwise obeying the rules of the road."  *Id.* ¶ 14.  The Kerseys have alleged specific acts of Hirano's negligence that would apply to the Hertz Defendants only through vicarious liability.[8]

The issues of direct negligence raised in their opposition

---

[7] *Accord Berkan*, 535 F. Supp. 2d at 345; *Hagen v. U-Haul Co. of Tennessee*, No. 08-1197, 2009 WL 211094, at *12 (W.D. Tenn. Jan. 28, 2009).

[8] They alleged that the "Defendants" (1) did not keep a lookout in the direction in which the vehicle proceeded; (2) did not observe the presence of Robert Kersey's vehicle; (3) did not keep the vehicle under control; (4) were speeding; (5) drove recklessly; (6) did not keep a proper lookout for maintenance signs and equipment; (7) did not obey traffic signs; and (8) did not merge away from highway maintenance work.  Compl. ¶ 15.

are insufficient. *Jasman*, 533 F. Supp. 2d at 758.[9] Their claim, construed liberally, alleges only vicarious liability against the Hertz Defendants; thus, it must be dismissed.[10]

III. Conclusion

For the reasons stated above, the Hertz Defendants' motion to dismiss will be granted, and HCMC's motion for summary judgment will be denied as moot.

July 15, 2009                                        /s/
Date                                                 William D. Quarles, Jr.
                                                     United States District Judge

---

[9] In *Jasman*, the plaintiff alleged that a rental car company was liable because the driver was "driving the vehicle owned by and with the express and/or implied permission of [the company] at the time of the incident." 533 F. Supp. 2d at 755. In opposition to a motion for summary judgment, the plaintiff argued that the rental car company may have been negligent in its maintenance of the vehicle, or if it did not conduct a records check. *Id.* at 758 n.4. The court noted that the Graves Amendment barred a vicarious liability claim, and rejected the plaintiff's argument for direct negligence. *Id.* at 757-58. It reasoned that the plaintiff's argument, "in *Response*" to the motion, was insufficient because "[s]imply raising this argument in a responsive brief . . . does not equate to actually alleging this claim in a complaint." *Id.* at 758 (emphasis in original). Similarly, the Kerseys raised direct negligence by the Hertz Defendants--for possible maintenance errors and compliance with statutory requirements--for the first time in their opposition.

[10] The Kerseys ask that if the Court dismisses the Hertz Defendants it "be sure to fashion its relief so as to preserve any financial responsibility or insurance liability that [they] may have under their contract" with Hirano. Pls. Opp. at 9. Any liability that the Hertz Defendants may have for Hirano's conduct is not before the Court.